IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
SOCORRO LEOS, as the            )
administratrix and/or           )
personal representative         )
of the estate of                )
Esteban Leos, deceased,         )
                                )
     Plaintiff,                 )
                                )     CIVIL ACTION NO.
     v.                         )       2:12cv714-MHT
                                )            (WO)
SUGINO CORPORATION and          )
RAYMOND G. STUKEL,              )
                                )
     Defendants.                )
```

ORDER

The allegations of the plaintiff's complaint are insufficient to invoke this court's diversity-of-citizenship jurisdiction. The allegations must show that the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332.

The plaintiff's complaint fails to meet this standard. First, the plaintiff has sued in her capacity as personal representative for the estate of the decedent. "[T]he legal representative of the estate of a decedent shall be

deemed to be a citizen only of the same State as the decedent ...." 28 U.S.C. § 1332(c)(2). Because the complaint does not set forth the citizenship of the decedent, the complaint does not adequately establish the ground for this court to assume jurisdiction of this matter.

Second, § 1332(c) provides that a corporation shall be deemed a citizen, first, of all States by which it has been incorporated and, second, of the State where it has its principal place of business. To invoke jurisdiction based on diversity in a case in which a corporation is a party, it is thus necessary to allege distinctly and affirmatively all the States by which the corporation has been incorporated <u>and</u> the State in which the corporation has its principal place of business. <u>American Motorists Ins. Co. v. American Employers' Ins. Co.</u>, 600 F.2d 15, 16 and n.1 (5th Cir. 1979) (per curiam). The plaintiff's complaint fails to allege sufficiently the citizenship of defendant Sugino Corporation.

2

Finally, the plaintiff's complaint fails to meet § 1332's requirements because the complaint fails to give the "citizenship" of defendant Raymond G. Stukel. An allegation suggesting that a party is a resident of a State is not sufficient to establish that a party is a "citizen" of that State. Delome v. Union Barge Line Co., 444 F.2d 225, 233 (5th Cir.), cert. denied, 404 U.S. 995 (1971). The complaint must affirmatively set forth Stukel's State of citizenship.

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until September 14, 2012, to amend the complaint to allege § 1332 jurisdiction sufficiently, see 28 U.S.C. § 1653; otherwise, this cause shall be dismissed without prejudice.

DONE, this the 4th day of September, 2012.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE