IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| SOCORRO LEOS, as the administratrix and/or personal representative of the estate of Esteban Leos, deceased,  )<br>  )<br>  )<br>  )<br>  )<br>  )<br>    Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>SUGINO CORPORATION and RAYMOND G. STUKEL,  )<br>  )<br>  )<br>    Defendants.  ) | CIVIL ACTION NO.<br>  2:12cv714-MHT<br>         (WO) |

ORDER

The allegations of the plaintiff's complaint are insufficient to invoke this court's diversity-of-citizenship jurisdiction.  The allegations must show that the citizenship of each plaintiff is different from that of each defendant.  28 U.S.C. § 1332.

The plaintiff's complaint fails to meet this standard. First, the plaintiff has sued in her capacity as personal representative for the estate of the decedent.  "[T]he legal representative of the estate of a decedent shall be

deemed to be a citizen only of the same State as the decedent ...."  28 U.S.C. § 1332(c)(2).  Because the complaint does not set forth the citizenship of the decedent, the complaint does not adequately establish the ground for this court to assume jurisdiction of this matter.

Second, § 1332(c) provides that a corporation shall be deemed a citizen, first, of all States by which it has been incorporated and, second, of the State where it has its principal place of business.  To invoke jurisdiction based on diversity in a case in which a corporation is a party, it is thus necessary to allege distinctly and affirmatively all the States by which the corporation has been incorporated <u>and</u> the State in which the corporation has its principal place of business.  <u>American Motorists Ins. Co. v. American Employers' Ins. Co.</u>, 600 F.2d 15, 16 and n.1 (5th Cir. 1979) (per curiam).  The plaintiff's complaint fails to allege sufficiently the citizenship of defendant Sugino Corporation.

Finally, the plaintiff's complaint fails to meet § 1332's requirements because the complaint fails to give the "citizenship" of defendant Raymond G. Stukel. An allegation suggesting that a party is a resident of a State is not sufficient to establish that a party is a "citizen" of that State. Delome v. Union Barge Line Co., 444 F.2d 225, 233 (5th Cir.), cert. denied, 404 U.S. 995 (1971). The complaint must affirmatively set forth Stukel's State of citizenship.

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until September 14, 2012, to amend the complaint to allege § 1332 jurisdiction sufficiently, see 28 U.S.C. § 1653; otherwise, this cause shall be dismissed without prejudice.

DONE, this the 4th day of September, 2012.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE